176 N.J. Super. 590 (1980)
424 A.2d 454
STATE OF NEW JERSEY, PLAINTIFF,
v.
IRENE HOLZMAN, DEFENDANT.
Superior Court of New Jersey, Law Division Middlesex County.
Decided October 3, 1980.
*591 Bonnie Reiss, Assistant Prosecutor, for the State (Richard S. Rebeck, Middlesex County Prosecutor, attorney).
William G. Brigiani, for defendant.
BACHMAN, J.S.C.
On May 8, 1980 Irene M. Holzman appeared before the Municipal Court of Milltown. In a letter opinion dated June 23, 1980 Mrs. Holzman was found guilty of violating N.J.S.A. 2C:12-1a(1), simple assault (fine $150, costs $25). Pursuant to R. 3:23-8, on August 13, 1980 the municipal appeal was heard de novo on the record by this court. It was not disputed that the act constituting the simple assault did occur, but defendant maintained that an earlier combination of alcohol and prescribed medication affected her such that her behavior was involuntary and therefore she lacked the requisite state of mind.
The following facts were established. On January 19, 1980, at about 10:07 p.m., Mrs. Holzman was arrested by Milltown police *592 for operating a motor vehicle while under the influence. About 1:30 p.m. that day Mrs. Holzman had taken two Fiorinal tablets and two more about 4:30 p.m. Fiorinal is a mild sedative prescribed for intermittent headaches. Mrs. Holzman had been on this medication on an irregular basis since May 1978. She usually took the medication when she has a bad headache, and had not previously mixed it with alcohol. On the date in question she took the medication in anticipation of a headache. About 9 p.m. she had a "Black Russian" and may have had part of another. A video cassette that was part of the record, indicated that she may also have had some wine earlier that evening.
The police officer testified that Mrs. Holzman's behavior was irrational at the police station. Defendant's sister testified that Mrs. Holzman's behavior was unusual. Two notes in evidence from the doctor who prescribed the medication, state that defendant has no prior history of irrational or psychotic behavior and that this mild sedative mixed with small amounts of alcohol could cause irrational behavior, sedation or even loss of consciousness. Defendant denies any recollection of what occurred from the time she ordered a second "Black Russian" to the time she was in police headquarters and being told to calm down. A sample of her behavior at police headquarters recorded on one of four video cassettes which was viewed by the municipal judge was also viewed by this court. It is noted that defendant would coherently respond to questions concerning personal information and relating to the charge of driving while under the influence.
The present charge is simple assault under N.J.S.A. 2C:12-1a(1). The defense argues that due to a combination of alcohol and medication defendant was lacking the necessary mental state required for one to be guilty of simple assault. The statute, supra, sets forth the state of mind required for simple assault. It can be any one of three: purposely, knowingly or recklessly. Defendant was clearly intoxicated to a degree that it was impossible for her to act purposely or knowingly. Our *593 inquiry then is whether or not the remaining possible mental element of recklessness is negated by her intoxication.
N.J.S.A. 2C:2-8(b) provides as follows:
When recklessness establishes an element of the offense, if the actor, due to self-induced intoxication, is unaware of a risk of which he would have been aware had he been sober, such unawareness is immaterial.
This section indicates that when intoxication is self-induced, recklessness is not negated. N.J.S.A. 2C:2-8 defines self-induced intoxication as:
Intoxication caused by substances which the actor knowingly introduces into his body, the tendency of which to cause intoxication he knows or ought to know, unless he introduces them pursuant to medical advice or under such circumstances as would afford a defense to the charge of crime. [Emphasis supplied]
The court finds that the intoxication suffered by defendant falls within the definition of self-induced intoxication. "Ought to know" is a negligence standard. A reasonable person ought to know that mixing medicine and alcohol can produce irrational behavior.
It is therefore the finding of this court that the mental element of recklessness has been satisfied by the proof.
There remains available to defendant the affirmative defenses which are set forth in N.J.S.A. 2C:2-8(d), which provides as follows:
Intoxication which (1) is not self-induced or (2) is pathological is an affirmative defense if by reason of such intoxication the actor at the time of his conduct lacks substantial and adequate capacity either to appreciate its wrongfulness or to conform his conduct to the requirement of law.
The affirmative defense is available when intoxication is not self-induced or pathological. The court has found that the intoxication of defendant was self-induced. In this regard see State of Maine v. Barrett, 408 A.2d 1273 (Me. 1979). The Supreme Court of Maine, interpreting a similar statute, also derived from the Model Penal Code, stated that self-induced intoxication is unavailable as an affirmative defense to a crime where the culpable mental state is recklessness.
We shall then turn our attention to the defense of pathological intoxication. That condition is defined in N.J.S.A. 2C:2-8e(3) as follows:

*594 "Pathological intoxication" means intoxication grossly excessive in degree, given the amount of the intoxicant, to which the actor does not know he is susceptible.
In understanding this particular definition, guidance can be obtained from medical definitions Taber's Cyclopedic Medical Dictionary (13 ed. 1977), defines pathological intoxication and also the word pathological. Pathological intoxication is defined as:
An exceedingly severe reaction to ingestion of alcohol, especially to small amounts.
The word "pathological" itself means diseased or due to a disease.
Combining the Code definition and the usual meaning of the words it is apparent that pathological intoxication is a severe intoxication which the actor had no reason to expect which happened because of some underlying organic condition. There is no proof in this case that such a thing happened to this defendant. Therefore this court finds that she was not the victim of pathological intoxication.
The defendant, Mrs. Holzman is guilty of simple assault as charged and sentenced to pay a fine of $150 and municipal costs of $25, and Superior Court costs of $7.75.